767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JACK A. ENGLAND, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1261
 United States Court of Appeals, Sixth Circuit.
 6/3/85
 
 E.D.Mich.
 REVERSED AND REMANDED
 On Appeal From The United States District Court for the Eastern District of Michigan
 BEFORE: KEITH and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a ruling by the United States District Court for the Eastern District of Michigan upholding a decision by the Secretary of Health and Human Services denying appellant's application for social security disability benefits.
 
 
 2
 Appellant's application for benefits was denied by the Secretary of Health and Human Services initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) which resulted in the denial of disability benefits on February 15, 1983. The Appeals Council affirmed the decision of the ALJ on May 3, 1983. Appellant, Jack A. England, was a 49 year old man when he applied for disability insurance benefits on April 5, 1982. In his application he alleged that he became unable to work on January 28, 1981, because of severe pain from injuries he suffered in an airplane crash. Appellant has a tenth grade education, and training in the art of plumbing. He is licensed as a master plumber. He last worked as a plumber and plumbing supervisor in January of 1981. In addition to performing the work of a plumber, which required him to lift weights of over 100 pounds, appellant was self-employed in the plumbing business and was required to supervise other employees.
 
 
 3
 On May 23, 1983 a complaint was filed in the United States District Court for the Eastern District of Michigan, requesting that the decision of the ALJ be reversed and that Social Security Disability Benefits previously denied be awarded to appellant. Appellant filed a motion for summary judgment on October 5, 1983. Without the benefit of a motion for summary judgment on behalf of the Secretary, the Magistrate issued a report and recommendation dated October 17, 1983 recommending that the summary judgment motion of the appellant be denied.
 
 
 4
 Appellant then filed objections to the Magistrate's report and recommendation on October 24, 1983. The United States District Court accepted the report and recommendation of the Magistrate in an order dated April 3, 1984. Appellant then filed a Notice of Appeal to this Court. For the reasons stated below, we reverse and remand this case for the award of benefits.
 
 
 5
 In order to establish that appellant is not entitled to benefits, the Secretary must show that appellant can engage in gainful activity; it must be shown that Mr. England can realistically perform an existing employment. This consideration must be made in terms of appellant's actual performance ability and not in the abstract. Brinker v. Weinberger, 522 F.2d 13, 18 (8th Cir. 1975). Specifically, there must be medical evidence showing that appellant can be employed. Uncontroverted medical evidence supporting the claimant's position is deemed binding on the ALJ. Colwell v. Gardner, 386 F.2d 56 (6th Cir. 1967).
 
 
 6
 In our view the medical evidence shows that appellant is disabled and thus entitled to benefits. The first medical records following the accident are dated March 18, 1981 from Gray L. Krueger a chiropractor. Dr. Krueger reported that he had treated Mr. England for cervical pain in the past but that the complaints were now severely exaggerated due to the impact of the airplane crash. Dr. Krueger described the appellant's complaints and severe pain across the occipital area of the skull and stated that he neck muscles were severely tender and spastic. Dr. Krueger also noted that there was occasional involuntary jerking of appellant's left arm. Evidence shows that headaches begin for appellant approximately ten minutes after arising in the morning and last until bedtime.
 
 
 7
 Dr. Steven Newman, M.D. reported on June 24, 1981 that appellant was experiencing severe pain in his right shoulder as well as low back pain radiating down the right lower extremity into the toes. Dr. Newman further describes neck pain and daily headaches. Dr. Newman also states that appellant was unable to sit at a desk without pain. Range of motion studies were conducted at this time and were found to be limited in the area of the cervical spine as well as the shoulders. A report to the disability determination service indicated that appellant is suffering from severe pain and tenderness at the cervical and right shoulder areas. The pain is described as persistent and getting worse despite therapy. The range of motion in the cervical spine is described as fifty percent in all directions with severe pain radiating to the neck and right shoulder. One doctor, Dr. Gannod, describes the claimant's severe spasms radiating from the back to the right buttock, the right leg and to the right toe. When asked in the questionnaire to describe any present nerve root abnormalities, Dr. Gannod reports that radicular pain to the right shoulder and arm from the neck are present as well as pain to the right leg and toe from thelumbosacral area and pain upon attempting the straight leg raising test.
 
 
 8
 At the beginning of the administrative hearing, the ALJ noted that the claimant seemed to be clearing his throat quite a bit. There is evidence that this grunting noise which was clearly audible at the hearing and most certainly would appear on the tapes was in fact the noise Mr. England involuntarily makes when he experiences shooting pains or spasms down into his back. Appellant describes these pains as a burning sensation from his back, down his legs into his feet and toes. He stated the more severe pain increased as his day progresses. When questioned more extensively regarding these spasms by counsel, Mr. England stated: 'At times they start originating in my fingers and go right up through my shoulders and neck. Other times they originate in my neck and go right into legs.' Jt. App. at 53. This pain started shortly after Mr. England's accident. Id.
 
 
 9
 In addition to complaining of these jerking pains, Mr. England testified that he has constant pain of some degree in his extremities. Jt. App. at 32-34. As with his back and leg pain, these pains worsen as his day progresses and by 10:00 a.m. he is taking pain pills and a hot shower in order to alleviate his symptoms. Jt. App. at 35.
 
 
 10
 It is well settled that the complaints of severe and unremitting pain alone can be disabling. Branham v. Gardner, 383 F2d 615 (6th Cir. 1967); Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975). The ALJ's lay opinion based solely on his observation that Mr. England does not exhibit outward signs of disabling pain is not in our view, substantial evidence sufficient to rebut uncontroverted testimony in the medical evidence of disabling pain. Aubeuf v. Suhweiker, 649 F.2d 107 (2nd Cir. 1981).
 
 
 11
 Accordingly, the ruling of the district court is reversed and remanded with instructions to the Secretary for an award of benefits.